PUBLIC INTEREST RESEARCH
GROUP OF MICHIGAN (PIRGIM) et
al., Plaintiffs-Appellants,

v.

Claude BRINEGAR, Secretary of
Transportation, et al.,
Defendants-Appellees.

No. 74–2329.

United States Court of Appeals,
Sixth Circuit.

June 2, 1975.

Jay W. Sexton, Sexton & Watson, East Lansing, Mich., for plaintiffs-appellants.

Frank P. Spies, U. S. Atty., Grand Rapids, Mich., Dennis E. McGinty, Learned, McGinty & Rosewarne, East Lansing, Mich., for defendants-appellees.

Before McCREE and MILLER, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

This is an appeal from an order of the district court denying a preliminary injunction to forbid the construction of a project which slightly widens an already-existing six-lane highway and modifies an intersection or crossing of Michigan Avenue and Harrison Road, main highways on or near the campus of Michigan State University. The purpose of the project was to eliminate a jog in Harrison Road considered to be a dangerous traffic hazard. It appears that the case first came before Judge Engel while he was on the district court. At first, he granted a temporary restraining order but later, on June 21, 1973, after a hearing, vacated the temporary restraining order and denied a preliminary injunction.

On August 12, 1974, appellants moved the district court, then presided over by District Judge Miles, who had been ap-

pointed to fill the vacancy created by the elevation of Judge Engel to the Court of Appeals, for permission to file a supplemental complaint. Such permission was granted, the supplemental complaint being substantially the same as the original complaint and seeking the same relief. After an evidentiary hearing, the appellants' motion for a preliminary injunction was denied on September 29, 1974. The present appeal was taken to this Court from such denial. This Court denied applications for stays pending the appeal.

It appears that the construction project at the present time is substantially complete, except for one additional layer of surfacing, sodding and clean-up work.

The appellants' claim for relief is predicated upon the alleged adverse impact which the project will have upon the environment. It is claimed that the area conveyed by Michigan State University for the project constituted parkland which the construction would substantially destroy. It is alleged that the project is in violation of various federal statutes, including the Department of Transportation Act of 1966, 49 U.S.C. § 1653(f); the Federal Highway Act, 23 U.S.C. §§ 128 and 138; and the National Environmental Policy Act, 42 U.S.C. § 4332. Specifically, it is alleged that proper hearings were not held; that a proper impact statement was not filed; and that no 4–F determination was made that there was no reasonable alternative to the use of the so-called parkland.

Without intimating any view on the merits, we are of the opinion, and so find, that the district court did not abuse its discretion in denying the preliminary injunction. Since the project was substantially completed; since any adverse effect upon the environment would appear to be negligible as compared with the obvious need for correcting a dangerous highway intersection; and finally, since the possibility that the appellants would succeed on the merits was at best uncertain and problematical, the district court in our view clearly acted within the scope of a proper exercise of discretion in refusing to grant a preliminary injunction.

The judgment of the district court, denying a preliminary injunction, is therefore affirmed, and the action is remanded to the district court for any further proceedings which may be appropriate.